**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JACKELINE LOPEZ,         ) | |
|             ) | |
|       Plaintiff,     ) | |
| v.            ) | |
|            ) | |
| PRIMERICA LIFE INSURANCE   ) | Civil Case No.: _____ |
| COMPANY,        ) | |
|            ) | |
|       Defendant.    ) | |
|            ) | |
|            ) | |

## DEFENDANT'S NOTICE OF REMOVAL

In accordance with the procedures set forth in 28 U.S.C. §1446(a), and pursuant to 28 U.S.C. §1332 and §1441, Defendant, Primerica Life Insurance Company ("Primerica"), files this Notice of Removal and states as follows:

### Introduction

1.    Plaintiff, Jackeline Lopez ("Plaintiff"), sued Primerica on June 26, 2018, in a lawsuit styled *Jackeline Lopez v. Primerica Life Insurance Company*, Case No. 2018 L 006609, in the Circuit Court of Cook County, Illinois. A true and accurate copy of Plaintiff's Complaint at Law (the "Complaint") is attached hereto as Exhibit A.

2.    Plaintiff's two-count Complaint alleges that Primerica breached the terms of a life insurance policy issued to Anthony Collins, to which Plaintiff is allegedly the primary beneficiary. *See, e.g.*, Ex. A, Count I. The Complaint further alleges that Primerica committed bad faith under Section 155 of the Illinois Insurance Code. *See*, Ex. A, Count II.

3.    Primerica was served with a copy of the Complaint through the Illinois Department of Insurance on July 2, 2018. *See* July 3, 2018 letter from the Illinois Department of Insurance enclosing a copy of the Summons and Complaint, attached hereto as Exhibit B.

1

Primerica files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

**<u>Grounds for Removal</u>**

4.    Removal is proper under 28 U.S.C. §1332 and §1441 because there is complete diversity of citizenship between the Plaintiff and the Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff's Complaint alleges that "Plaintiff has been damaged in the amount of $200,000."  Ex. A, ¶ 9.  Therefore, the amount in controversy exceeds the jurisdictional amount.

5.    Specifically, Plaintiff was, at all times relevant, a citizen of Illinois.  Defendant is an insurance company incorporated under the laws of the State of Tennessee, with its principal place of business in Georgia.  Primerica was a citizen of Tennessee and Georgia at the time the Complaint was filed, and remains a citizen of Tennessee and Georgia as of the date of filing this Notice of Removal.

**<u>Compliance with Removal Procedures</u>**

4.    Primerica has complied with all of the procedural requirements for removal set forth in 28 U.S.C. §1446.  As noted above, this Notice of Removal is being filed within 30 days of the service of the lawsuit.

5.    Copies of all pleadings, process, orders, and other filings in the Cook County lawsuit are attached to this Notice as required by 28 U.S.C. §1446(a).  In addition, although not in the Cook County court file, copies of the Summons and Complaint sent to the Illinois Department of Insurance are also attached.  *See* Exhibits A and B; *see also* a true and accurate copy of the Cook County Clerk of the Circuit Court's online docket report in Case No. 2018-L-006609, attached hereto as Exhibit C.

2

6.      Venue is proper in this district under 28 U.S.C. §1441(a), because the state court where the lawsuit was filed is located in this district.

7.      Defendant will promptly file a copy of this Notice of Removal with the Clerk of Cook County, Illinois where the lawsuit was filed.

8.      Notice of this Removal is also being provided to Plaintiff, by and through her attorneys of record, Deutschman & Associates, P.C., 77 W. Washington St., Ste. 1525, Chicago, Illinois 60602.

<u>Conclusion</u>

WHEREFORE, for the foregoing reasons, Defendant, Primerica Life Insurance Company, removes this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division and respectfully requests that the Court exercise jurisdiction over the action.

Dated:  July 30, 2018              Respectfully submitted,

PRIMERICA LIFE INSURANCE COMPANY

By:        s/Jennifer A. Warner

Daniel J. Zollner
dzollner@dykema.com
Jennifer A. Warner
jwarner@dykema.com
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL  60606
(312) 876-1700
*Attorneys for Primerica Life Insurance Company*

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 30, 2018, I served the foregoing Defendant's Notice of Removal on counsel for Plaintiff by U.S. Mail and Email, addressed to:

Bradley A. Skafish
Jeffrey S. Deutschman
Deutschman & Associates, P.C.
77 West Washington Street
Suite 1525
Chicago, IL 60602
brad@deutschmanlaw.com
jeff@deutschmanlaw.com


s/Jennifer A. Warner
Jennifer A. Warner (jwarner@dykema.com)
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700

4

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JACKELINE LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.     2018L006609 |
| v. | ) | CALENDAR/ROOM S |
| | ) | TIME 00:00 |
| PRIMERICA LIFE | ) | Breach of Contract |
| INSURANCE COMPANY, | ) | Amount claimed: |
| | ) | $200,000 plus attorney's |
| Defendant. | ) | fees and costs |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JACKELINE LOPEZ, by and through her attorneys,

DEUTSCHMAN & ASSOCIATES, P.C. and complaining of the Defendant,

PRIMERICA LIFE INSURANCE COMPANY, states as follows:

### COUNT I

1.     Defendant is an insurance company duly licensed to write life insurance

policies in the State of Illinois, and Defendant regularly does business in the State of

Illinois and County of Cook.

2.     Defendant issued a life insurance policy covering losses including the

death of Anthony Collins, designated as Policy No. 0490633582.   Plaintiff is not

currently in possession of a complete copy of the policy, but upon information and belief

Defendant is in possession of the policy, and Plaintiff hereby requests that Defendant

provide a copy of the policy to Plaintiff's counsel.

3.     Plaintiff is the primary beneficiary of the policy, and the amount of the

benefit is $200,000.

4. The aforesaid policy was in full force and effect at all times pertinent hereto and afforded coverage for the death of Anthony Collins.

5. On or about November 19, 2017, Anthony Collins died.

6. Plaintiff made a claim on the policy for the life insurance benefits, but Defendant has denied the claim.

7. The premiums had all been paid, the policy was in full force, and Defendant was in possession of documentation indicating that Plaintiff was the primary beneficiary; thus, there was no good faith reason to deny the claim.

8. Plaintiff contends that Defendant has acted in bad faith and that Defendant owes coverage under its policy for the loss in the true amount of the death benefit, and further that Defendant's conduct constitutes a denial and a breach of the terms of the policy.

9. As a result of Defendant's breach of the policy, Plaintiff has been damaged in the amount of $200,000, as he did not receive the genuine death benefit provided under the policy of insurance.

WHEREFORE, plaintiff, JACKELINE LOPEZ, respectfully requests that this Honorable Court award her damages of $200,000, costs of suit and reasonable attorney's fees incurred in prosecuting this action.

## COUNT II

1.-9. Plaintiff reasserts and realleges paragraphs 1 through 9 of Count I as paragraphs 1 through 9 of Count II.

10. Section 155(1) of the Insurance Code, 215 ILCS 5/155, provides that "[i]n any action by or against an insurance company wherein there is in issue the liability of a

company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allows as part of the taxable costs in the action reasonable attorney fees, other costs, plus [certain penalties.]"

11.     Defendant's refusal to pay the claim is not in good faith because Defendant knows that the facts and evidence do not support its position. There is, in fact, no bona fide dispute that Defendant owes coverage for this loss under the policy.

12.     Defendant's conduct in refusing to pay the death benefit and denying coverage has been and continues to be vexatious and unreasonable within the meaning of Section 155 of the Insurance Code, 215 ILCS 5/155.

WHEREFORE, plaintiff, JACKELINE LOPEZ respectfully requests that this Honorable Court award her reasonable attorney's fees and costs incurred in prosecuting this action and further penalties as provided under Section 155 of the Insurance Code, 215 ILCS 5/155.

DEUTSCHMAN & ASSOCIATES, P.C.

By: _____

Bradley A. Skafish
Jeffrey S. Deutschman
DEUTSCHMAN & ASSOCIATES, P.C.
77 W. Washington Street - Suite 1525
Chicago, Illinois  60602
(312) 419-1600
Atty No. 40171
brad@deutschmanlaw.com
jeff@deutschmanlaw.com

3

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JACKELINE LOPEZ,  )
  )
    Plaintiff,  )
  )
        v.  )  No.
  )
PRIMERICA LIFE  )
INSURANCE COMPANY,  )
  )
    Defendant.  )

## 222 AFFIDAVIT

I, BRADLEY A. SKAFISH, attorney for the Plaintiff, JACKELINE LOPEZ, hereby

claim that the amount of damages sought in this claim exceeds $50,000.00.

THE AFFIANT FURTHER SAYETH NAUGHT.

### 1-109 Certification

UNDER PENALTIES AS PROVIDED BY LAW PURSUANT TO Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he or she verily believes to be true.

Date: 6/22/18

_____
Bradley A. Skafish

DEUTSCHMAN & ASSOCIATES, P.C.
77 W. Washington Street
Suite 1525
Chicago, Illinois 60602
(312) 419-1600

# EXHIBIT B



# Illinois Department of Insurance

**BRUCE RAUNER**
Governor

**Jennifer Hammer**
Director

July 3, 2018

Primerica Life Insurance Company
1 Primerica Parkway
Duluth, GA 30099

Case Number: 18 L 006609

Gentlemen:

      Enclosed please find a copy of Summons and Complaint mailed to me as your agent for service of process and received in my Springfield Office on July 2, 2018 in the case of Jackeline Lopez vs. your company et al.

      Sincerely,

*Jennifer Hammer*

Jennifer Hammer
Director

JH:AS: pas
Encl.

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

**RECEIVED**

JUL 0 2 2018

STATE OF ILLINOIS
DEPARTMENT OF INSURANCE (2/28/11) CCG N001
SPRINGFIELD, ILLINOIS

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

No. 18 L 006609

JACKELINE LOPEZ

(Name all parties)

v.

PRIMERICA LIFE INSURANCE COMPANY

serve: PRIMERICA LIFE INSURANCE COMPANY

c/o Director-Illinois Dept of Insurance

320 W. Washington, Springfield, IL 62767

RECEIVED

JUL 1 0 2018

LEGAL DEPT

◉ SUMMONS ○ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- ◉ Richard J. Daley Center, 50 W. Washington, Room 801 , Chicago, Illinois 60602

- ○ District 2 - Skokie
  5600 Old Orchard Rd.
  Skokie, IL 60077

- ○ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- ○ District 4 - Maywood
  1500 Maybrook Ave.
  Maywood, IL 60153

- ○ District 5 - Bridgeview
  10220 S. 76th Ave.
  Bridgeview, IL 60455

- ○ District 6 - Markham
  16501 S. Kedzie Pkwy.
  Markham, IL 60428

- ○ Child Support
  28 North Clark St., Room 200
  Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 40171

Name: Deutschman & Associates, P.C.

Atty. for: Plaintiff

Address: 77 W. Washington St., Suite 1525

City/State/Zip: Chicago, IL 60602

Telephone: 312-419-1600

WITNESS, DOROTHY BROWN JUN 2 6 2018

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Clerk of Court

Date of service:
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: 312-419-1610

(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**(12/31/15) CCM N649**

Any person wishing to sue or defend a case as an indigent must petition the court to have the fees, costs, and charges associated with the proceedings waived.

Customers may visit www.cookcountyclerkofcourt.org to access the Clerk's filing fees or telephone the Civil Division at (312) 603-5116 with additional questions.

### NOTICE TO PLAINTIFF

You **MUST** select a return day of:
not less than 14 or more than 40 days after issuance of summons if amount claimed is $10,000 or less;
not less than 21 or more than 40 days after issuance of summons if amount claimed is in excess of $10,000.

### NOTICE TO DEFENDANT

1. If the complaint is notarized, your answer must be notarized.

**For District 1 Cases Only:**

2. On the specified Return Day, one of the following may occur:

   a. If you are sued for $10,000 or less, you need not file an answer unless ordered to do so by the Court.

      (i) If Plaintiff is not present, the case may be dismissed for want of prosecution.

      (ii) If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an exparte default judgment against you for the amount claimed.

      (iii) If you have filed an appearance and are present on Return Day, trial may be held that day, or may be set for another day certain.

   b. If you are sued for more than $10,000.00, and if you have filed your appearance on time, you must file your answer no later than 10 days after the appearance date (return date) specified on the front of this form. If you have not filed your appearance or answer on time, the Plaintiff may obtain an exparte default judgment against you for the amount claimed. If Plaintiff is not present for the Default call, the case may be dismissed for want of prosecution. If you filed your appearance and have not filed your answer on time the Plaintiff may motion the court to enter a judgment.

3. Late filing of an appearance or answer will not relieve you from a judgment or default order except by court order.

**For District 2, 3, 4, 5 and 6 Cases:**

4. If you are sued for more than $10,000, you have 10 days from the Return Day to answer or otherwise plea.

5. On the specified Return Day, if you are sued for $10,000 or less, you need not file an answer unless ordered to do so by the Court.

6. On the specified Status/Trial Day, one of the following may occur:
   a. If Plaintiff is not present, the case may be dismissed for want of prosecution.
   b. If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an ex parte default judgment against you for the amount claimed.
   c. If you have filed an appearance and are present on Status/Trial Day, trial may be held that day, or may be set for another day certain.

The following is applicable to District 3 cases only:

7. This case may/may not be heard on the day for apperance specified in summons.

8. If the claim is for personal injury, or is a civil case in which Plaintiff has filed a jury demand, you will be required to file your appearance in person or by attorney Return Day, and your answer as required by Par. 2(b) above.
   These cases will be assigned and heard in the Civil Jury Room _____ unless otherwise ordered by the Presiding Judge. Neither Plaintiff nor Plaintiff's attorney will be required to be present on Return Day. The case will be set for Status at 9:00 a.m., approximately 60 days from the date of filing. Plaintiff and Defendant will be required to appear in court on that status day.

9. Trial Rights of Property, Detinues, and Revivals of Judgment, Pro Se, and Forcible Detainer suits are returnable in Room _____ and are disposed of on a Return Day unless otherwise ordered by the Court.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

RECEIVED

JUL 1 0 2018

LEGAL DEPT

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JACKELINE LOPEZ,                    )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )  No.
                                    )
PRIMERICA LIFE                      )
INSURANCE COMPANY,                  )  **Amount claimed:**
                                    )  **$200,000 plus attorney's**
    Defendant.                      )  **fees and costs**

### COMPLAINT AT LAW

**NOW COMES** the Plaintiff, JACKELINE LOPEZ, by and through her attorneys,

**DEUTSCHMAN & ASSOCIATES, P.C.** and complaining of the Defendant,

PRIMERICA LIFE INSURANCE COMPANY, states as follows:

### COUNT I

1.    Defendant is an insurance company duly licensed to write life insurance

policies in the State of Illinois, and Defendant regularly does business in the State of

Illinois and County of Cook.

2.    Defendant issued a life insurance policy covering losses including the

death of Anthony Collins, designated as Policy No. 0490633582.  Plaintiff is not

currently in possession of a complete copy of the policy, but upon information and belief

Defendant is in possession of the policy, and Plaintiff hereby requests that Defendant

provide a copy of the policy to Plaintiff's counsel.

3.    Plaintiff is the primary beneficiary of the policy, and the amount of the

benefit is $200,000.

4.     The aforesaid policy was in full force and effect at all times pertinent hereto and afforded coverage for the death of Anthony Collins.

5.     On or about November 19, 2017, Anthony Collins died.

6.     Plaintiff made a claim on the policy for the life insurance benefits, but Defendant has denied the claim.

7.     The premiums had all been paid, the policy was in full force, and Defendant was in possession of documentation indicating that Plaintiff was the primary beneficiary; thus, there was no good faith reason to deny the claim.

8.     Plaintiff contends that Defendant has acted in bad faith and that Defendant owes coverage under its policy for the loss in the true amount of the death benefit, and further that Defendant's conduct constitutes a denial and a breach of the terms of the policy.

9.     As a result of Defendant's breach of the policy, Plaintiff has been damaged in the amount of $200,000, as he did not receive the genuine death benefit provided under the policy of insurance.

**WHEREFORE**, plaintiff, JACKELINE LOPEZ, respectfully requests that this Honorable Court award her damages of $200,000, costs of suit and reasonable attorney's fees incurred in prosecuting this action.

## COUNT II

1.-9.     Plaintiff reasserts and realleges paragraphs 1 through 9 of Count I as paragraphs 1 through 9 of Count II.

10.     Section 155(1) of the Insurance Code, 215 ILCS 5/155, provides that "[i]n any action by or against an insurance company wherein there is in issue the liability of a

2

company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allows as part of the taxable costs in the action reasonable attorney fees, other costs, plus [certain penalties.]"

11.    Defendant's refusal to pay the claim is not in good faith because Defendant knows that the facts and evidence do not support its position. There is, in fact, no bona fide dispute that Defendant owes coverage for this loss under the policy.

12.    Defendant's conduct in refusing to pay the death benefit and denying coverage has been and continues to be vexatious and unreasonable within the meaning of Section 155 of the Insurance Code, 215 ILCS 5/155.

**WHEREFORE**, plaintiff, JACKELINE LOPEZ respectfully requests that this Honorable Court award her reasonable attorney's fees and costs incurred in prosecuting this action and further penalties as provided under Section 155 of the Insurance Code, 215 ILCS 5/155.

**DEUTSCHMAN & ASSOCIATES, P.C.**

By:_____

Bradley A. Skafish
Jeffrey S. Deutschman
**DEUTSCHMAN & ASSOCIATES, P.C.**
77 W. Washington Street - Suite 1525
Chicago, Illinois  60602
(312) 419-1600
Atty No. 40171
brad@deutschmanlaw.com
jeff@deutschmanlaw.com

3

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JACKELINE LOPEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. |
| | ) |
| PRIMERICA LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

### 222 AFFIDAVIT

I, BRADLEY A. SKAFISH, attorney for the Plaintiff, JACKELINE LOPEZ, hereby

claim that the amount of damages sought in this claim exceeds $50,000.00.

THE AFFIANT FURTHER SAYETH NAUGHT.

### 1-109 Certification

UNDER PENALTIES AS PROVIDED BY LAW PURSUANT TO Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he or she verily believes to be true.

Date: 6/22/18

Bradley A. Skafish

DEUTSCHMAN & ASSOCIATES, P.C.
77 W. Washington Street
Suite 1525
Chicago, Illinois 60602
(312) 419-1600

neopost
07/05/2018
US POSTAGE $006.88
FIRST CLASS MAIL
ZIP 60767
041M11255240

**CERTIFIED MAIL**

9214 7969 0095 9790 1622 2582 82

**Illinois Department of Insurance**
320 West Washington Street
Springfield, Illinois 62767

RECEIVED

JUL 10 2018

LEGAL DEPT

Primerica Life Insurance Company
1 Primerica Parkway
Duluth, GA 30099

30009584000 0000



Reorder Form LCD-811R rev. 05/15

# EXHIBIT C



## Case Information Summary for Case Number
## 2018-L-006609

Filing Date: 06/26/2018                          Case Type: CONTRACT
Division: Law Division                           District: First Municipal
Ad Damnum: $200000.00                            Calendar: S

### Party Information

**Plaintiff(s)**                                 **Attorney(s)**

LOPEZ JACKELINE                                  DEUTSCHMAN&ASSOCIATES
                                                 PC
                                                 77W WASHNGTON1525
                                                 CHICAGO IL, 60602
                                                 (312) 419-1600

**Defendant(s)**      **Defendant Date of**      **Attorney(s)**
                      **Service**

PRIMERICA LIFE
INS CO

### Case Activity

Activity Date: 06/26/2018                        Participant: LOPEZ JACKELINE

CONTRACT COMPLAINT FILED

Court Fee: 368.00                                Attorney: DEUTSCHMAN&ASSOCIATES
Ad Damnum Amount: 200000.00                      PC

Activity Date: 06/26/2018                        Participant: LOPEZ JACKELINE

CASE SET ON STATUS CALL

Date: 08/23/2018                                 Judge: ESRIG, JERRY A.
Court Time: 0930

Activity Date: 06/26/2018                        Participant: LOPEZ JACKELINE

CASE SET ON INDIVIDUAL CALENDAR

Back to Top

Please note: Neither the Circuit Court of Cook County nor the Clerk of the Circuit Court of Cook County warrants the accuracy, completeness, or the currency of this data. This data is not an official record of the Court or the Clerk and may not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data in our master database.

Start a New Search